UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS VINICIUS DE SOUSA DIAS,<br><br>Petitioner,<br><br>v.<br><br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No.  1:26-cv-01894-KES-FJS (HC)<br><br>ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS<br>[ECF No. 7]<br><br>ORDER REGARDING PETITIONER'S MOTION TO APPOINT COUNSEL<br>[ECF Nos. 3, 11]<br><br>ORDER DIRECTING RESPONDENT TO FILE RESPONSE |

Petitioner is an immigration detainee proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On March 9, 2026, Petitioner filed a habeas petition alleging that his four-month detention to date had become unreasonably prolonged in violation of his Fifth Amendment due process rights, and he was entitled to a bond hearing to determine whether continued detention was warranted. (ECF No. 1.) On March 16, 2026, the Court issued Findings and Recommendations to summarily dismiss the petition. (ECF No. 7.) The Court found that Petitioner's four-month detention was not so prolonged as to violate his constitutional rights pursuant to Supreme Court authority set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001), and *Demore v. Kim*, 538 U.S. 510, 531 (2003). In addition, Petitioner failed to demonstrate that

there was no significant likelihood of removal in the foreseeable future.

On March 26, 2026, Petitioner filed objections to the Findings and Recommendations. (ECF No. 10.) Petitioner disagrees with the Findings and Recommendations asserting that his removal is not reasonably foreseeable. Again, Petitioner failed to support this allegation with any factual argument. Petitioner merely reiterates that "he has been in custody for over 4 months *and other circumstances* indicate that there is no significant likelihood of removal in the reasonably foreseeable future." (ECF No. 10 at 2) (emphasis added). Petitioner does not explain what these other circumstances are. Therefore, the Court maintains its finding that Petitioner has failed to demonstrate that his detention has become unreasonably prolonged in violation of his constitutional rights, or that there is no significant likelihood of removal in the foreseeable future.

Nevertheless, within the objections, Petitioner for the first time claims that examination is required to determine "whether the government followed its own regulation that set out procedure for revoking release, procedures that protect important due process right [sic]." (ECF No. 10 at ¶ 3.) This is a new and separate claim. In an abundance of caution, the Court will direct Respondents to address this new contention, including whether Petitioner had been paroled or released after prior interactions with immigration officials. Pending Respondents' response, the Court will withdraw the Findings and Recommendation.

Petitioner has also requested appointment of counsel. (ECF Nos. 3, 11.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." *See* Rule 8(c), Rules Governing Section 2254 Cases. At the present time, the Court does not find that the interests of justice require the appointment of counsel. The Court will take Petitioner's motion for counsel under submission pending Respondents' response.

Accordingly, the Court HEREBY ORDERS:

1) The Findings and Recommendations, (ECF No. 7), are WITHDRAWN pending further briefing;

2) Within thirty (30) days of the date of service of this order, Respondent is

2

DIRECTED to file a response to Petitioner's contention that his due process rights were violated when the Government failed to follow its own regulations in revoking release (*see* ECF No. 10 at ¶ 3); and

3) Petitioner's request for appointment of counsel is taken under submission.

IT IS SO ORDERED.

Dated:    **April 20, 2026**

FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE