UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Marcos V.D.S.D. (A-Number: 216-891-314),

Petitioner,

v.

Warden, Golden State Annex, et al.,

Respondents.

No. 1:26-cv-01894-KES-FJS (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN TEN (10) DAYS

Doc. 1

Petitioner Marcos V.D.S.D.[1] is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. Doc. 1. The Court has previously addressed the legal issues raised by the petition. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer*

[1] Petitioner requests that Court use his initials rather than his full last name. Doc. 1 at 2 n.1. Respondents did not oppose the request. *See* Docs. 18, 19. As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initials, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

*Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and would justify denying the petition. Doc. 17.

Respondents argue that "[p]etitioner's history of noncompliance with the conditions of his release materially distinguishes this case[.]" Doc. 18 at 1. On March 11, 2021, petitioner was enrolled in ICE's Alternatives to Detention ("ATD") program. *Id.*; Doc. 18-1 at 1. Respondents allege that petitioner missed two biometric check-ins in 2021 and four check-ins in 2023, and that from October to December 2021, there were ten days where no location was received through petitioner's GPS monitoring. Docs. 18 at 1; 18-1 at 4. There is no evidence in the record to indicate that there were any other ATD violations for more than two years before petitioner's detention in November 2025. *See* Docs. 18 at 1; 18-1 at 4; 19-2 at 3. These violations do not constitute a pertinent distinction between this case and the Court's prior cases. While the violations may be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, they do not eliminate petitioner's due process right to such determination. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025).

Respondents also argue that "[p]etitioner's current custody posture materially distinguishes this case[.]" Doc. 18 at 2. On June 5, 2026 an immigration judge ordered petitioner to be removed to Brazil. Doc. 18-3 at 1–4. But that removal order is not yet final, as petitioner timely appealed the order to the Board of Immigration Appeals ("BIA") on June 12, 2026. Doc. 18-4 at 1–2; 8 C.F.R. § 1003.38(a). Respondents also assert, incorrectly, that petitioner "affirmatively declined Immigration Judge review of [ICE's] custody determination." Doc. 18 at 2. Respondents' assertion is contradicted by their own documentation. A Department of Homeland Security ("DHS") form attached to respondents' filing clearly indicates that petitioner affirmatively requested an immigration judge to review his custody determination, checking the

box stating: "I *do request* an immigration judge review of this custody determination." *See* Doc. 18-2 at 1.[2]

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondents are ORDERED to provide petitioner Marcos V.D.S.D. (A-Number: 216-891-314) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within seven days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The

[2] Respondents also assert that on June 3, 2025, an Interpol Red Notice was published stating that petitioner was wanted in Brazil to serve a sentence for attempted murder. Doc. 19-1 at 1–2. The Interpol notice may well be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, but respondents they do not argue that petitioner is subject to mandatory detention under § 1226(c) and they do not establish any basis for denying petitioner a bond hearing.

Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: August 24, 2026

UNITED STATES DISTRICT JUDGE